JOSEPH OCCEAN AND JULIA OCCEAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Occean v. Commissioner
Docket No. 29740-89
United States Tax Court
T.C. Memo 1991-439; 1991 Tax Ct. Memo LEXIS 488; 62 T.C.M. (CCH) 675; T.C.M. (RIA) 91439; September 9, 1991, Filed *488 Larry Kars, for the petitioners. William R. Davis, Jr., for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge John J. Pajak pursuant to the provisions of section 7443A(b) and Rule 180 et seq. [1] The Court agrees with and adopts his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and petitioners' cross-motion to dismiss for lack of jurisdiction. The sole issue is whether the notice of deficiency was mailed to petitioners' "last known address" within the meaning of section 6212. Some of the facts have been stipulated and are so found. Petitioners resided in New York, New York, when their petition was filed. Respondent determined *489 a deficiency and additions to tax in petitioners' 1984 Federal income tax as follows: Additions to Tax under Sec.
Deficiency
6653(a)(1)
6653(a)(2)
$ 4,865.00
$ 243.25
*
At all times relevant to this case, petitioners' address was as follows: 765 Amsterdam Avenue, Apt. 2G New York, New York 10025-5722
When petitioners filed their Federal income tax return for 1984, on or before April 15, 1985, they used the following address on the return: 765 Amsterdam Ave Apt 2G New York, N.Y. 10025
Respondent mailed the notice of deficiency by certified mail on April 15, 1988, addressed to petitioners as follows: 765 Amsterdam Ave 2G New York, NY 10025-5722
This address was printed on the notice of deficiency (notice of deficiency address), along with the certified mail number. The envelope was a window envelope so that the address on the notice of deficiency showed through *490 the window (we deem the notice of deficiency address to be the address of the envelope). The notice of deficiency was returned to respondent by the Post Office. The envelope bore the stamp "Returned to" [the Internal Revenue Service]. There were boxes with reasons for the return, but none were checked. A United States Postal Service employee testified that the reason was "that the party moved," and the mail was not forwardable. Petitioners had not moved. Respondent did not attempt any further delivery of the notice of deficiency. Sometime before July 25, 1989, petitioners became aware of the fact that a notice of deficiency had been sent to them. Petitioners filed their petition on December 18, 1989. Petitioners claim that the absence of the abbreviation "Apt" before "2G" in the notice of deficiency address makes the address incorrect, and thus the notice was not sent to petitioners' "last known address" as required by section 6212(b)(1). Since the address allegedly was incorrect, they claim that no valid notice of deficiency was sent to petitioners within the period provided under section 6501(a). Respondent claims that the notice of deficiency address is petitioners' *491 "last known address," and, therefore, their petition was filed long after the 90-day period applicable in this case under section 6213(a). To maintain an action in this Court, there must be a valid notice of deficiency and a timely petition. ; . If respondent issued a valid notice of deficiency, the petition must be dismissed for lack of jurisdiction as untimely. However, if jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we will dismiss the case on that ground. , affd. without published opinion . Petitioners were required to file their petition within 90 days after the notice of deficiency was mailed. Sec. 6213(a). The requirements for issuing a valid notice of deficiency are set forth in section 6212. Under section 6212(a), respondent is authorized to send a notice of deficiency to a taxpayer by certified or registered mail. It is well settled that a notice of deficiency is valid even *492 if it is not received. ; ; , affd. without published opinion . Due to the administrative burdens of the Internal Revenue Service, Congress did not intend to require actual notice. Rather, it permitted the use of a method that would ordinarily result in such notice. . The statute is satisfied as long as the notice of deficiency is mailed to the taxpayer's "last known address." Petitioners claim that the absence of "Apt" before "2G" may have caused the postal delivery person to be confused and may have caused the return of the notice. Accordingly, they claim the notice was not mailed to the last known address, citing . Petitioners' reliance on Estate of McKaig is misplaced. There was no showing, as *493 in Estate of McKaig, that there was a delay in delivery of the notice of deficiency caused by an improper address. Here a delivery service analyst from the United States Postal Service testified that the Postal Service would interpret "2G" to mean petitioners' apartment number, whether "Apt" appeared or not. Petitioners have failed to convince us otherwise. We conclude that the notice of deficiency address was petitioners' "last known address" under section 6212(b). We also conclude that the petition was not timely filed within the meaning of section 6213(a). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted, and petitioners' motion will be denied. Petitioners are not without a remedy. Petitioners may pay the tax, file a claim for refund, and, if the claim is disallowed, file a refund suit in a United States District Court or the United States Claims Court. ; see sec. 7422; , affd. without published opinion . An appropriate *494 order will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment of $ 3,323.00 attributable to negligence.↩